# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IZEA WORLDWIDE, INC.,**

    **Plaintiff,**

**v.**                                                                   Case No: 6:19-cv-1288-Orl-31LRH

**BRIANNA DEMIKE,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10) and Plaintiff's Response (Doc. 13). By its Motion, Defendant seeks to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

According to the allegations in the Complaint (Doc. 1), Brianna DeMike ("DeMike") was hired by Plaintiff IZEA Worldwide, Inc. ("IZEA") in July 2016 following IZEA's purchase of her company ZenContent, Inc. ("ZenContent") for $4.6 million. *Id.* ¶ 8. On July 29, 2016, DeMike signed an employment agreement with IZEA. Doc. 1-1. That agreement contained a one-year non-compete provision. *Id.* ¶ 9. The Agreement also contained a prohibition against Defendant's use of Plaintiff's confidential information. *Id.* ¶ 8. Two years later, on July 20, 2018, DeMike and IZEA agreed to terminate their employment relationship. Doc. 1 ¶ 16. On July 22, 2018, DeMike signed a separation agreement (Doc. 1-2) in which she agreed to comply with the restrictive covenants contained in paragraphs 8 and 9 of the employment agreement.

DeMike's sister-in-law, Kimberly Bubeck ("Bubeck") was also an employee of IZEA, who reported directly to DeMike. Doc. 1 ¶ 18. Bubeck also entered into a confidentiality and

non-compete agreement with IZEA. *Id.* ¶ 19. Bubeck resigned her employment with IZEA in December of 2018. *Id.* ¶ 20. Prior thereto, it is alleged that Bubeck downloaded approximately 44,000 electronic files containing IZEA's confidential, proprietary and/or trade secret information. Plaintiff alleges upon information and belief that Bubeck shared these files with DeMike (*id.* ¶ 22), and that DeMike's use of these files would cause damage to IZEA. *Id.* ¶ 23.

The non-compete provision in the employment agreement expired on July 20, 2019. However, IZEA alleges that it has reason to believe that "Ms. DeMike is gathering trade secret, confidential, and/or proprietary IZEA content and information and soliciting the assistance of Ms. Bubeck to assist her in an effort to compete with IZEA using its confidential, proprietary, and/or trade secret information following the expiration of her covenant not to compete." *Id.* ¶ 27.

In its Complaint, Plaintiff claims that DeMike breached the employment agreement (Count I) and the separation agreement (Count II). Plaintiff also alleges that DeMike has misappropriated IZEA's proprietary information in violation of Florida's Uniform Trade Secrets Act, Florida Statutes § 688.001, *et seq.* (Count III), and has tortiously interfered with the contractual relationship between IZEA and Bubeck (Count IV). As for relief, Plaintiff seeks damages and injunctive relieve prohibiting DeMike from using any of its proprietary information.

By its Motion, Defendant contends that Plaintiff's Complaint fails the pleading standard of *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007), because the allegations of wrongdoing by DeMike are alleged upon information and belief and otherwise lack specificity. The Court disagrees. Although a claim must be plausible under *Twombly*, Federal Rule of Civil Procedure 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." and, in considering a motion to dismiss, the Complaint must be construed in the light most favorable to the plaintiff, and all well-pled facts must be accepted as true. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). The fact that certain aspects of the claim are asserted on information and belief does not alter this analysis. *See Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 8:18-cv-919-T-24-TGW, 2018 WL 7350924, at *2 (M.D. Fla. Nov. 15, 2018); *Data Dimensions, LLC v. Golino*, No. 6:17-cv-951-ORL-40-KRS, 2018 WL 1305886, at *3 (M.D. Fla. Mar. 13, 2018); *Estate of Faull v. McAfee*, No. 6:13-cv-1746-ORL-31-KRS, 2017 WL 117312, at *2 (M.D. Fla. Jan. 12, 2017) (citing *Arista Records, LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010)). Here, Plaintiff has stated plausible claims that DeMike breached her agreements, tortiously interfered with the Bubeck agreement, and violated the Florida Uniform Trade Secrets Act by misappropriating IZEA's proprietary information. It is, therefore

**ORDERED** that the Defendant's Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** in, Orlando, Florida on September 20, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party